```
            IN THE UNITED STATES DISTRICT COURT FOR
          THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                *
RAESHIO RICE,
                                *
     Petitioner,
                                *
           v.                        CRIMINAL NO.:  WDQ-04-0323
                                *    CIVIL NO.:    WDQ-07-3312
UNITED STATES OF AMERICA,
                                *
     Respondent.
                                *

*     *     *     *     *     *     *     *     *     *     *     *     *
```

MEMORANDUM OPINION

Pending is Raeshio Rice's *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 and motion for leave to file a reply to the Government's response. For the following reasons, Rice's § 2255 motion will be denied, and his motion for leave to file a reply will be granted.

I.   Background

On February 19, 2004, a one-count indictment charged Rice and his brother, Howard Rice, with conspiracy to distribute heroin between the Fall of 2003 and February 2004.  On April 19, 2004, a reverse proffer was held.  At the meeting, the Government provided Rice with information about the evidence against him and presented its view of the sentence Rice could receive under the applicable statute and sentencing guidelines.[1]  Rice accepted the

---

[1] The Government presented Rice with four options: (1) if he proceeded to trial, it would seek an enhancement under 21 U.S.C.

1

offer for a plea without cooperation before the May 3 deadline,[2] and on June 4, 2004, Rice pled guilty to conspiracy to distribute heroin.  On January 26, 2005, Rice was sentenced to 147 months imprisonment.

On February 1, 2005, Rice and several other defendants were indicted on charges of racketeering and racketeering conspiracy, conspiracy to distribute cocaine, possession of firearms by a convicted felon, and several acts of violence (the "RICO Indictment").  Between April 2005 and March 2006, extensive

---

§ 851, and he would face a statutory mandatory minimum of 20 years imprisonment; at sentencing, it would seek a base offense level of 38 based on at least 30 kilograms of heroin, plus four leadership points, for an adjusted offense level of 42, which would result in a guidelines ranges of 360 months to life imprisonment; (2) if he pled after May 3 without cooperation, it would seek a base offense level of 38 based on at least 30 kilograms of heroin, plus a four level upward adjustment for his leadership role, for an adjusted offense level of 42, but it would seek a two level downward adjustment for acceptance of responsibility, which would result in an offense level of 40 and a guidelines range of 360 months to life imprisonment; (3) if he pled before May 3 without cooperation, it would stipulate that the amount of heroin involved in the conspiracy was 10-30 kilograms and move for a third level downward adjustment for acceptance of responsibility which would result in a guidelines range of 168-210 months imprisonment; or (4) if he cooperated with the Government, an adjusted offense level of 33 would result, and it would recommend up to a four-level downward departure for cooperation, which would result in the 10-year mandatory minimum not applying and a guidelines range of 108-135 months imprisonment.  *See* Gov't Mem. at 7-8.

[2] On May 14, 2004, the parties agreed to a revised plea agreement that stipulated that the based offense level was 34, based on 3-10 kilograms of heroin and stated that the plea did not limit Rice's exposure to future charges based on the Government's ongoing investigation.  *See* Jason Weinstein Aff. AUSA ¶ 28; Steve Levin Aff. AUSA ¶¶ 8, 9.

2

discovery was provided to Rice and the other Defendants, including wiretap recordings, warrants, affidavits and telephone records.  In December 2005, Rice's attorneys, Carroll McCabe and Julie Johnson, and Howard Rices's attorney, William Purpura, met with the Government to discuss the case.  At the meeting, Purpura advised that defense counsel were prepared to file a motion to dismiss and explained that the motion would allege that Assistant U.S. Attorney ("AUSA") Steven Levin and Jason M. Weinstein had violated their duty of candor with the Court during Raeshio Rice's sentencing proceeding in January 2005.[3]  Defense counsel offered to forego filing the motion, if the Government provided the Rice brothers with a favorable plea agreement that would include dismissal of the capital charges in the RICO Indictment.  Levin and Weinstein declined the offer.

On January 25, 2006, Rice filed the motion to dismiss the indictment and enforce the plea agreements.  Paper No. 249.  After a hearing on the motion at which Rice testified, this Court denied the motion.[4]  Paper No. 370.  Subsequently, Rice entered a plea agreement under which the adjusted offense level would be 36

---

[3] The motion was predicated on counsel's belief that the Government had violated the terms of Rice's original plea agreement in the heroin indictment when it revised the plea agreement to include a waiver of immunity for future charges--the waiver was not in the originally proffered plea agreement.

[4] The Court did, however, permit Rice to withdraw his June 4, 2004 guilty plea.

and his criminal history would be at category VI because he was a career offender.  On January 8, 2007, Rice was sentenced to 324 months imprisonment.

II.  Motion to Vacate, Set Aside, or Correct Sentence

Rice contends that he received ineffective assistance of counsel during negotiation of his plea agreement in the RICO indictment.  Rice claims that counsel's decision to use a motion to dismiss as leverage during plea negotiations was unreasonable and rendered him ineligible for receiving an additional one level downward adjustment for acceptance of responsibility under USSG § 3E1.1(b),[5] which would have reduced his sentence.  Rice argues that counsel confronted Levin and Weinstein with the motion to dismiss, despite his communicated desire that a plea agreement be sought at the onset of the criminal proceedings.  Rice asserts that there is a reasonable probability that the Court would have sentenced him to the lower end of the guideline range 292 months, if counsel had not filed the motion to dismiss.

---

[5] USSG § 3E1.1(b) states:

If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, decrease the offense level by 1 additional level.

4

The Government counters that Rice's complaint involves a disagreement about the tactical decision made by counsel, and that Rice's counsel thoroughly evaluated the benefits of using the arguments during the plea negotiations.  The Government argues that even if counsel's conduct fell below the standard of competence, Rice cannot prove that he would have received a lesser sentence if the motion to dismiss was not filed.  The Government stresses that even if Rice had received an additional level acceptance of responsibility adjustment, he still could have received the same sentence because his guidelines range would have been 292-365 months.

The Sixth Amendment guarantees the effective assistance of counsel.  *Strickland v. Washington*, 466 U.S. 668, 686 (1984).  There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.  To prove ineffective assistance of counsel, Rice must show that counsel's performance was deficient.  *Id.* at 687.  This requires a showing that "counsel's representation fell below an objective standard of reasonableness."  *Id.* at 688.  Rice must also demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  Only if deficient performance and prejudice are established can it be concluded that counsel's assistance was defective.  *Id.* at 687.  If the

defendant cannot prove prejudice, "a reviewing court need not consider the performance prong." *Fields v. Attorney General*, 956 F.2d 1290, 1297 (4th Cir. 1992) (*citing Strickland*, 466 U.S. at 697).

Counsel's decision to use the motion to dismiss as leverage during the plea negotiations did not render his performance unreasonable. Although counsel's tactical decision did not result in a more favorable plea agreement, it was well within the range of professional reasonable judgment. Rice's counsel evaluated the potential benefits and disadvantages of filing the motion to dismiss and discussed them with Rice--who did not forbid it. That counsel's strategy proved unsuccessful is not a basis for Rice to challenge his counsel's conduct.

Even if counsel's performance was deficient, Rice has not demonstrated that he was prejudiced as a result. Rice's sentence range was 324-405 months imprisonment. If Rice had been afforded the additional one level adjustment under USSG § 3E1.1(b), his sentence range would have been 292-365 months imprisonment. Rice's ultimate sentence of 324 months imprisonment is within both guideline ranges. Because Rice has failed to prove that his counsel's performance was deficient or that it had an adverse effect on his sentence, his ineffective assistance claim fails.

## III. Conclusion

For the above stated reasons, Rice's § 2255 motion will be denied, and his motion for leave to file a reply will be granted.[6]

April 9, 2008
Date

/s/
William D. Quarles, Jr.
United States District Judge

[6] Rice's reply was due on February 25, 2008, but it was not filed until March 3, 2008. Paper No. 464. As the Government does not oppose Rice's untimely filing and there appears to be no prejudice, the motion will be granted.